**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON PROFIT EL-BEY,** | ) | **CASE NO. 1: 18 CV 177** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CITY OF SHAKER HEIGHTS,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Asserting he is "United Washitaw de Dugdahmoundyah Mu'ur National, an original inhabitant of the Americas" and "*not* a U.S. Citizen," (Doc. No. 1 at 5), *Pro Se* Plaintiff Brandon Profit El-Bey has filed an *in forma pauperis* Complaint in this action against the City of Shaker Heights, Magistrate K. Murphy, Police Officer Adam Flynt and Chief Prosecutor C. Randolph Keller. Although his Complaint clearly pertains to a traffic stop in Shaker Heights

and subsequent traffic and other charges brought against him in Municipal Court, his Complaint does not set forth intelligible allegations or legal claims against any Defendant in the case. Instead, his Complaint sets forth a series of incomprehensible legal assertions and nonsensical legal claims, which he concludes with a demand "that the courts and all officers uphold their oath to the Constitution and protect and secure my unalienable (pre-existing) rights written and agreed upon in the Constitution of 1791 prior to the fraudulent creation of these bondage instruments Birth Certificate, Social Security Card and Drivers license." (*Id*. at 14.) The relief the Plaintiff seeks is also largely incomprehensible, except for a request for one million in damages from each Defendant.

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal Courts, moreover, are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. The Plaintiff's allegations are so incoherent, implausible, unsubstantial, or frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any claim against

any Defendant.

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


<u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** May 18, 2018